IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-10 |
| | ) | (VARLAN/SHIRLEY) |
| MICHAEL RODNEY HAM, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM AND ORDER

This case is before the Court on the defendant's Motion *In Limine* for Early Disclosure of Jencks Act Material and Memorandum in Support [Doc. 28], referred to the undersigned by Order [Doc. 29] of the District Court on October 7, 2008. See 28 U.S.C. § 636(b). In the motion, the defendant seeks to have the Court order the government to provide Jencks material one week before trial in order to allow the defendant to prepare an adequate and effective defense and to prevent delay at trial. Specifically, he maintains that "the government's case is believed to be centered around witness testimony and the identities and locations of some of the witnesses are completely unknown to the defendant." He contends that because the government's case turns upon eyewitness testimony, meaningful time to review the witnesses' pretrial statements prior to cross-examination is essential to his defense. The government opposes [Doc. 30] the defendant's motion, arguing that it will make Jencks Act material available to the defendant following the witnesses' direct examination and that the Court has no authority to order it to do otherwise.

The Jencks Act provides in pertinent part as follows:

> In any criminal prosecution brought by the United States, no

1

> statement or report in the possession of the United States which was made by a government witness or prospective government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500; see also Fed. R. Crim. P. 26.2. The Sixth Circuit has upheld the government's right under this statute to withhold witness statements or reports, even those that would be favorable to the defendant's defense, until after the witness testifies: "The clear and consistent rule of this circuit is that the intent of Congress expressed in the Act must be adhered to and, thus, the government may not be compelled to disclose Jencks Act material before trial." United States v. Presser, 844 F.2d 1275, 1283 (6th Cir. 1988).

Although the Jencks Act permits the government to wait for disclosure until after the witness testifies, the Sixth Circuit has encouraged the government to provide the information earlier in appropriate cases in order to prevent delay at trial. See United States v. Minsky, 963 F.2d 870, 876 (6th Cir. 1992). Additionally, this Court's Order on Discovery and Scheduling [Doc. 11] also encourages the early production of Jencks Act materials "as soon as possible and well before the testimony of the government witness in order to avoid undue interruptions of trials." However, the Sixth Circuit recognizes that in some cases the government may have a substantial reason for waiting until after the witnesses testimony to disclose the Jencks material. See United States v. Algie, 667 F.2d 569, 572 (6th Cir. 1981).

In the present case, the defendant is charged [Doc. 3] with possession of crack cocaine with intent to distribute, possession of two pistols in furtherance of a drug trafficking crime, and being a felon in possession of firearms and ammunition. The defendant waived [Doc. 9] his right to a detention hearing and is detained pending his October 14, 2008 trial. The government asserts no

2

substantial reason, such as danger to its witnesses, or indeed any reason for declining to produce Jencks Act materials before trial but, instead, merely stands upon its rights under the statute. The defendant cites to a Fourth Circuit case, which was reversed and remanded for a new trial based upon the District Court's failure to grant the defense sufficient time to review Jencks Act materials. United States v. Holmes, 722 F.2d 27, 41 (4th Cir. 1983). In Holmes, the defendants received an eight-inch thick stack of Jencks Act materials the day before trial, either by order or agreement. Id. at 40. The district court denied the defense counsel's request for a recess to further review the materials before the cross-examination of the first witness. In analyzing the issue, the Fourth Circuit observed that the Jencks Act does not require the government to produce its witnesses' statements until after the witnesses have testified. Id. Nevertheless, in cases involving numerous or lengthy statements, the government will often agree to produce them early or "it may even be ordered" to do so to avoid long delays in the trial. Id. Noting the portion of the Act that permits the court to recess the trial in order to allow the defendant to examine the materials provided, the Fourth Circuit held that "the Jencks Act contemplates not only the furnishing of the statement of a witness but a reasonable opportunity to examine it and prepare for its use in the trial." Id.

The Sixth Circuit has examined the Holmes holding in United States v. Bray, No. 87-3084, 1988 WL 23727, *5 (6th Cir. Mar. 16, 1988). Although finding the facts before it distinguishable from those in Holmes and declining to "either adopt or reject the 'reasonable opportunity' requirement announced by the Fourth Circuit," it noted "that as a general proposition, a district court judge would do well to err on the side of generosity in allowing defendant's counsel to review the sometimes critical record of a witness' grand jury testimony." Id. The undersigned notes that Bray was decided a month before the Sixth Circuit's seminal Presser decision. Yet, even in Presser, in

3

which the court emphasized the potential danger of intimidation of government witnesses from early release of Jencks Act materials, it noted that a trial court could use its inherent powers to order disclosure of specific evidence when justice so requires.  Presser, 844 F.2d at 1285 n.12.

In the present case, the Court is not seeking to "disregard the Jencks Act mandate," see id., yet it finds the defendant's argument that the prompt administration of justice favors early disclosure of Jencks Act materials in this case to be compelling.  This is especially true in the absence of any countervailing contention that the government's witnesses would be endangered or intimidated by the defendant, who is detained.  Accordingly, the Court finds the defendant's motion [**Doc. 28**] for early disclosure of Jencks Act Materials to be well-taken, and the motion is **GRANTED in part** in that the government is **ORDERED** to disclose Jencks Act materials by the close of business on Friday, October 10, 2008, which is the last business day before the October 14 trial.

**IT IS SO ORDERED.**

ENTER:


s/ C. Clifford Shirley, Jr.
UNITED STATES MAGISTRATE JUDGE

4

Case 3:08-cr-00010-TAV-CCS   Document 31   Filed 10/09/08   Page 4 of 4   PageID #: 95