UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:08-CR-10-TAV-CCS |
| | ) | |
| MICHAEL RODNEY HAM, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's Notice of Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 750 [Doc. 59]. In his motion, the defendant requests that the Court resentence him pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendment 750 to the U.S. Sentencing Guidelines. The government has responded [Doc. 62], submitting that the defendant is correct that Amendment 750, effective November 1, 2011, reduces the defendant's applicable guideline range. The government thus defers to the Court's discretion whether and to what extent to grant any such reduction, subject to the limitations of 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10.

**I.    Legal Background**

A district court may modify a defendant's sentence after judgment has been entered only if modification is permitted by statute. *United States v. Ross*, 245 F.3d 577,

586 (6th Cir. 2001). Modification is permitted by § 3582(c)(2) when the sentencing range for the offense for which the defendant was sentenced has been lowered:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The applicable policy statement is U.S.S.G. § 1B1.10, which designates the amendments to the sentencing guidelines which may be applied retroactively. *See Dillon v. United States*, 560 U.S. 817, 826 (2010) ("A court's power under § 3592(c)(2) . . . depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive."); *see also id.* at 830 (describing the Sentencing Commission's retroactivity determinations made pursuant to 28 U.S.C. § 994(u) as "binding").

Section 1B1.10 provides, in relevant part, that:

> (a) Authority. –
>
> (1) In General. -- In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
> . . . .

2

(b) Determination of Reduction in Term of Imprisonment. –

(1) In General. -- In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

(2) Limitations and Prohibition on Extent of Reduction. –

(A) In General. -- Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

(B) Exception for Substantial Assistance. -- If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

U.S.S.G. § 1B1.10(a), (b). In addition to these limits, § 1B1.10 also states that a court must also consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. *Id.* at cmt. n.1(B). A court may also consider a defendant's post-sentencing conduct. *Id.*

3

The Fair Sentencing Act of 2010, Pub. L. 111-120, 124 Stat. 2372 (2010) (the "FSA"), directed the Sentencing Commission to promulgate emergency amendments that would bring the guidelines into conformity with its provisions. The result of that directive was Amendment 748, a temporary emergency amendment, which included a downward adjustment of the base offense levels for most offenses involving crack cocaine. On April 6, 2011, the Sentencing Commission re-promulgated as permanent the provisions of Amendment 748 and, on April 28, 2011, submitted the amendment for congressional review. *See* 76 Fed. Reg. 24960, 24962 (May 3, 2011). On June 30, 2011, the Sentencing Commission voted to give Amendment 748 retroactive effect, to be designated Amendment 750 in Appendix C of the guidelines. *See* 76 Fed. Reg. 41332-41335 (June 13, 2011). On November 1, 2011, Amendment 750 went into effect, authorizing retroactive application of the lowered offense levels contained in the FSA for most offenses involving crack cocaine.

Because Amendment 750 may now be applied retroactively, *see* U.S.S.G. § 1B1.10(c), if the sentencing range for the defendant's offense has been lowered by Amendment 750, the Court has discretion under § 3582(c)(2) to reduce the defendant's sentence, after first considering the § 3553 factors and whether the reduction is consistent with applicable policy statements issued by the Sentencing Commission.

II. **Analysis**

The defendant was convicted by jury trial of possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)

4

("Count One"), knowingly possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c) and 924(c)(1)(A)(i) ("Count Two"), and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("Count Three") [Docs. 34, 51]. At the time of sentencing, the defendant was held responsible for 38.5 grams of crack cocaine and 6.4 grams of marijuana, for a combined marijuana equivalent of 770.0064 kilograms of marijuana [Presentence Investigation Report ("PSR") ¶ 17]. Given the amount of drugs for which the defendant was held responsible, the defendant's base and adjusted offense levels for Count One were 28 [*Id.* ¶¶ 17, 22]. Based on an adjusted offense level of 28 and a criminal history category of V, the defendant's applicable guideline range for Count One was 130 to 162 months' imprisonment [*Id.* ¶ 70]. Notably, he was also subject to a statutory mandatory minimum sentence of 120 months' imprisonment for Count One [*Id.* ¶ 66].

The defendant was sentenced on May 21, 2009, to 130 months' imprisonment for Count One, 120 months' imprisonment for Count Three, to be served concurrently with the sentence for Count One, and 60 months' imprisonment for Count Two, to be served consecutively to the sentences for Counts One and Three, as mandated by statute, followed by eight years of supervised release [Doc. 51 pp. 3–4]. According to the government, the defendant is presently scheduled for release on July 3, 2021 [Doc. 62 p. 3].

Both the defendant and the government agree that the defendant's initial guideline range was based on the guidelines for cocaine base offenses that were in effect prior to

5

November 1, 2011, and thus, the defendant's guideline range is affected by Amendment 750 [*Id.*; Doc. 60 p. 2]. Pursuant to Amendment 750, the drug quantities for which the defendant is being held accountable convert to 137.4899 kilograms of marijuana and result in new base and total offense levels of 26, with a new advisory guideline range of 120 to 137 months' imprisonment, taking into account the statutory mandatory minimum sentence [Doc. 62 p. 3]. Because this guideline range is lower than the range previously applicable to the defendant, the Court agrees that the defendant is eligible for a sentence reduction under § 3582(c)(2). Accordingly, the Court may reduce the defendant's sentence after considering the § 3553 factors if it finds that a reduction is consistent with the applicable policy statements.

The Court has considered § 3582(c)(2), § 1B1.10, and the relevant § 3553 factors in determining whether and to what extent the defendant's sentence may be reduced. In regard to these factors, the Court has considered the nature and circumstances of the defendant's offenses—a drug offense and two firearm offenses—and the defendant's history and characteristics. As reflected in the Presentence Report, the defendant related that he started using crack cocaine in 1997 about once per week, and that by 2005, he was using crack cocaine on a daily basis [PSR ¶ 59]. After binge use of crack cocaine in 2006, the defendant had reduced his use by April 2007 and later stopped using crack cocaine [*Id.*]. In addition, the defendant's offenses involved drugs and a firearm, which the Court notes could raise a risk of violence.

6

The Court has also considered the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed education and training, medical care, or other correctional treatment. Further, the Court has considered the kinds of sentences available and the sentencing range, the need to avoid unwarranted disparities, and the need to provide restitution to any victims. *See* 18 U.S.C. § 3553(a). Finally, the Court has considered the danger to the public as the result of any reduction in the defendant's sentence, the seriousness of the defendant's offenses, and the need to protect the public. *See* U.S.S.G § 1B1.10, cmt. n.1(B)(ii).

Amendment 750 addresses some of these factors, particularly the need to avoid unwarranted sentencing disparities by "restor[ing] fairness to Federal cocaine sentencing." *See* FSA. The Court previously considered the § 3553 factors at the defendant's initial sentencing and ultimately determined that a sentence at the bottom of the applicable guideline range for Count One was appropriate. A similar revised sentence, given the new guideline range for Count One, would be a sentence of 120 months' imprisonment for Count One, with the sentences for Counts Two and Three left undisturbed.

The government notes that it "has no specific information to present in opposition to a sentence reduction and thus defers to the Court's discretion" [Doc. 62 p. 4].

7

Accordingly, after considering the § 1B1.10 and the relevant § 3553 factors, the Court finds a reduction in the defendant's sentence to be appropriate. In making this determination, the Court is particularly influenced by the changes in offense levels for crack cocaine offenses promulgated by the FSA and implemented through Amendment 750. The Court has also taken into consideration the risk the defendant poses to public safety, the nature and circumstances of his offenses, the defendant's personal characteristics, his criminal history, and his post-sentencing conduct.

In light of the foregoing, the Court determines that factors similar to the ones that applied at the defendant's initial sentencing also apply at this time. Thus, because the Court does not have any new information regarding the defendant's conduct that causes it to reach a different conclusion under the § 3553 factors, the Court will reduce the defendant's sentence for Count One to a term of 120 months' imprisonment, with the concurrent sentence of 120 months' imprisonment for Count Three and consecutive sentence of 60 months' imprisonment for Count Two to remain unchanged, resulting in a total sentence of 180 months' imprisonment. This reduction in sentence shall take effect ten (10) days from the entry of this order to allow the BOP time to fully comply with its statutory obligations. While it does not appear that the defendant is eligible for immediate release, the Bureau of Prisons will credit the defendant with the appropriate time.

### III. Conclusion

Accordingly, for the reasons stated herein, the defendant's Notice of Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 750 [Doc. 59] is **GRANTED** and the defendant's sentence is **REDUCED** to **<u>120 months' imprisonment for Count One, and thus, combined with the concurrent sentence of 120 months for Count Three and consecutive sentence of 60 months for Count Two, a total sentence of 180 months' imprisonment, such reduction to take effect ten (10) days from the entry of this order</u>** to allow the BOP time to fully comply with statutory obligations. The Clerk of Court is **DIRECTED** to issue an amended judgment in accordance with this order. The amended judgment shall also include the following language: If this sentence is less than the amount of time the defendant has already served, the sentence shall be reduced to a "time served" sentence.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE